[No. 6745.   Decided July 8, 1907.]

CLARENCE CUNNINGHAM, *Appellant*, v. WATSON ALLEN, *Respondent.*[1]

SALES—CONTRACT—QUANTITY—CONSTRUCTION—ACCEPTANCE — SUFFICIENCY OF EVIDENCE. The evidence is insufficient to show an entire sale of a quantity of coal, where it appears that, after negotiations for its sale at $10 per ton, at which no definite agreement was made, the vendee directed his foreman to take what he needed; that the foreman, after taking some, ordered a barge load to be delivered by a carrier; that the vendor, learning thereof, sent notice by the carrier tnat if any was taken all must be taken, but the foreman refused to accept the coal on that condition and ordered it returned; that the carrier thereupon unloaded the coal, saying he thought it would be all right, and subsequently the foreman took more of it.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 7, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Philip Tindall*, for appellant.

*Ballinger, Ronald, Battle & Tennant*, for respondent.

FULLERTON, J.—In this action the appellant sought to recover from the respondent the sum of $720, being, as he alleged, the purchase price of 72 tons of coal which he had theretofore sold and delivered to the respondent. The respondent denied that he had purchased or received the entire 72 tons, but admitted that the appellant had sold and delivered to him 39 8-13 tons at the agreed price of $396.15, and this sum, with interest, and the costs of action accrued up to the time he filed his answer, he brought into court and tendered to the appellant. The trial, which was had before the court without a jury, resulted in a judgment in favor of the appellant for the amount tendered, and against him for

[1]Reported in 90 Pac. 920.

the costs accrued subsequent to the time the tender was made.

From the record it appears that, in the summer of 1904, the appellant shipped from Vancouver, British Columbia, to Catalla, Alaska, some 72 tons of coal which he intended to use in certain mining operations which he was conducting at that place. The coal was piled in part upon the beach, and in part upon a wharf erected some 600 or 800 feet out from the beach. Later on the appellant discovered that he would not need the coal, and offered to sell the same to the respondent, who was also conducting mining operations near the place where the coal was stored, both parties being then in the city of Seattle. As to what occurred at this meeting the parties do not agree. The appellant insists that he told the respondent the exact quantity of coal he had at Catalla, that part of it was on the beach and part on the wharf, the price per ton for which he would sell it, and that if the respondent desired to purchase he must take the entire quantity, as he would not sell it in lots. The respondent testified that the appellant was not quite so specific. He says the appellant made no mention at all of the coal on the beach, nor did he say that he would not part with any of it unless all of it was taken; that the appellant simply told him that he had coal there, and that the respondent might have it at ten dollars per ton. He testified further that he did not know there was any coal on the beach until after the appellant had presented him with a bill for the coal, charging him with having purchased 72 tons. Both parties, however, agree that no definite bargain was made at this meeting. Shortly thereafter the respondent went north and while there saw the coal that was on the wharf. He told his foreman that the coal was for sale and that the foreman could take such of it as he needed for use at the place where the mining operations were being conducted. After he returned to Seattle he again met the appellant at the wharf just as the appellant was starting north. The matter of the sale of the coal was again taken up, when the respondent told the appellant that he had left the matter

in the hands of his foreman, and that any contract he made with him would be satisfactory.

Before the appellant reached Alaska the respondent's foreman had taken small quantities of the coal at two different times, and had directed a Captain Gray, who was operating a small boat as a common carrier, to bring a barge load from the wharf to the mining works. When the appellant learned of this he directed the carrier to tell the foreman that he wanted it distinctly understood that if any of the coal was taken it must be all taken, that on the beach as well as that on the wharf. The carrier took the barge to the place of delivery and proceeded to unload it. After he had put off about one-third of the load he delivered his message. The foreman immediately ordered the unloading to cease, saying he could not take the coal on those terms, and unless the carrier could not deliver it without condition he must take the coal back to the wharf. After thinking the matter over for a few moments the carrier unloaded the balance, saying that he guessed it would be all right. Later on the respondent took all the balance of the coal left on the wharf, making the whole amount taken some 39 8-13 tons, the amount he tendered payment for after this action was brought.

The appellant contends that the dealings between the parties amounted to a contract on the part of the respondent to take the entire 72 tons, at $10 per ton, and that he is entitled to judgment for the amount sued for with costs. But we think the facts do not warrant that conclusion. Clearly there was no express agreement to that effect, as no contract at all was made with the respondent himself, and his agent expressly refused to enter into such an agreement when the matter was broached to him. Nor was the agreement implied by the conduct of the parties. Had a part of the coal been taken by the respondent after the condition the appellant sought to impose had been made known to him, in seeming acquiescence in the condition, then perhaps the law would imply an agreement to pay for the entire quantity at the price fixed. But

the delivery was not accepted on the condition the appellant sought to impose. On the contrary, the respondent's agent, to whom the condition was stated, positively refused to accept the coal subject to the condition. Doubtless his receiving the coal in the manner he did. receive it, raised an implied obligation to pay, for the amount actually received, such sum as it was then reasonably worth at the place from which it was taken, but it raised no obligation to pay for coal other than that actually received. As the appellant does not question that the amount tendered into court was the reasonable value of the coal taken, it must be accepted as being its reasonable value.

The judgment of the trial court therefore was right and must be affirmed. It is so ordered.

HADLEY, C. J., MOUNT, ROOT, and CROW, JJ., concur.